UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **TERRY HONAKER,** | ) | **CASE NO. 1:05CV2080** |
| | ) | |
| Plaintiff, | ) | **JUDGE PETER C. ECONOMUS** |
| | ) | |
| v. | ) | |
| | ) | |
| **MICHAEL J. ASTRUE,** | ) | |
| **Commissioner of Social Security,** | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

**I. LAW AND ANALYSIS**

This matter is before the Court upon Plaintiff Terry Honaker's ("Honaker") Application for Attorney Fees Under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, and Motion for Attorney Fees Under the Social Security Act, 42 U.S.C. § 406(b). (Dkt. # 19).

**A. Equal Access to Justice Act**

To be entitled to EAJA attorney fees, a court must find that (1) the party seeking fees was a prevailing party in a civil action; (2) the party timely filed an application for fees; (3) the position of the government was not substantially justified; and (4) the fees requested are reasonable. 28 U.S.C. § 2412(d)(1).

The EAJA provides in pertinent part:

> a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by

1

>or against the United States in any court having jurisdiction of that action, *unless* the court finds that the position of the United States was *substantially justified* or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). (Emphasis added).

"Substantially justified" is distinct from the substantial evidence standard that governs review of disability determinations. Jankovich v. Bowen, 868 F.2d 867, 869-70 (6th Cir. 1989). Substantial justification exists when the government's position is supported to a degree that would satisfy a reasonable person. Pierce v. Underwood, 487 U.S. 552, 656 (1988). The government's position must have a "reasonable basis both in law and fact." Id. at 559-60.

The Court has reviewed the record and finds that the government was substantially justified in both its position in the litigation and its decision to initially deny Honaker benefits.

First, the Administrative Law Judge's ("ALJ") decision on January 25, 2008, to deny Honaker benefits was substantially justified. The record contains sufficient medical findings and testimony to make the ALJ's decision reasonable and understandable. Although Honaker was later found to be disabled by a second ALJ in October of 2002, Honaker acknowledges that a large amount of new evidence was admitted before the second ALJ that was not available in January of 2002. Pl.'s Br. on the Merits at 17 (Dkt. # 9). Second, the government was justified in its position in the litigation. The government voluntarily agreed to a remand pursuant to sentence six of 42 U.S.C. § 405(g) for consideration of Honaker's new evidence. Based on the circumstances of this

case, the government acted reasonably. Honaker's application for EAJA fees is therefore without merit.

**B. Social Security Act**

The Social Security Act provides:

Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a *reasonable* fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

42 U.S.C. § 406(b)(1)(A) (Emphasis added).

The Social Security Act caps attorney fees at twenty-five percent of the past due benefits allowed for recovery and requires courts to determine the "reasonableness" of an award up to that maximum. Rodriquez v. Bowen, 865 F.2d 739, 746 (6th Cir. 1989); see also Lavender v. Califano, 683 F.2d 133, 134-135 (6th Cir. 1982) ("…the statutory maximum was not intended to be an automatic finding that fees in that amount are reasonable…").

When two parties enter into an arm's length agreement, due deference should be given to this expression of the intention of the parties. However, under the special circumstances of court authorized fees in social security cases, a court is not bound to award recovery according to the stated agreement. Rodriquez, 865 F.2d at 746 (citing Bailey v. Heckler, 777 F.2d 1167 (6th Cir. 1985)). Nevertheless, if the agreement states

that the attorney will be paid twenty-five percent of the benefits awarded, it should be given the weight ordinarily accorded a rebuttable presumption. Id.

Rodriquez provides that deductions of a fee award generally should fall into two categories: (1) those occasioned by improper conduct or ineffectiveness of counsel; and (2) situations in which a windfall because of either an inordinately large benefit award or from minimal effort expended. Id. The government has presented no evidence regarding improper conduct or ineffectiveness of counsel. The Court shall therefore focus solely on whether Honaker's attorneys would receive a windfall.

The Sixth Circuit has held that "a hypothetical hourly rate that is twice the standard rate is a starting point for conducting the Rodriquez analysis." Hayes v. Secretary of Health and Human Services, 923 F.2d 418, 422 (6th Cir. 1990). When a benefit is large in comparison to the amount of time counsel spent on the case, a downward adjustment of a contingent fee may be appropriate. Gisbrecht v. Barnhart, 535 U.S. 789, 808 (2002). To determine whether an attorney would enjoy a windfall because of minimal effort expanded, a district court may consider arguments relating to the proportion of the hours worked and the degree of difficulty of the case. Id.

According to exhibits presented by Honaker's attorneys, counsel only expended 25 hours[1] in preparation of the instant case before this Court.[2] Pl.'s Ex. C. Counsel spent

---

[1] Honaker's attorneys originally reported 17.1 hours of work. However, counsel concedes that Attorney Roose's time should be reduced by .8 hours due to reporting inconsistencies. Pl.'s Reply to Opp'n to EAJA Application at 6. In addition, Attorney Roose reports 8.7 hours of work preparing the instant reply brief. Id at 2.

[2] Attorney Roose reported 6.1 hours of work (adjusted to 14 hours); Attorney Ressler reported .8 hours; Attorney Meadows reported 10.2 hours. Pl.'s Ex. C.

8.7 of those hours litigating the instant fee dispute and the government has not objected to an award of such hours. Pl.'s Reply to Opp'n to EAJA Application at 2. Honaker's attorneys have requested a fee of $17,260.88.

Honaker's attorneys contend that their work was skillful and successful. This may very well be true. However, the fee requested in comparison to the amount of time spent on the instant case would represent a windfall.

Pursuant to Hayes, the Court doubles the usual hourly rates provided by Honaker's attorneys'[3] and multiplies the doubled rates by 25 hours of work to arrive at a *per se* reasonable fee of $10,980.00.[4] Hayes states that an hourly rate greater than twice the standard rate may well be reasonable. However, extensive effort was not required to overcome any legal or factual obstacles before this Court.

Accordingly, Plaintiff's Application for Attorney Fees Under the Equal Access to Justice Act is hereby **DENIED**. (Dkt. # 19). Plaintiff's Motion for Attorney Fees Under the Social Security Act is **GRANTED**. (Dkt. # 19). The Commissioner is directed to reserve $10,980.00 from Plaintiff's past-due benefits and pay attorneys fees pursuant to the Social Security Act in that amount to Roose and Ressler L.P.A.

**IT IS SO ORDERED.**

/s/ Peter C. Economus – October 23, 2008
**PETER C. ECONOMUS
UNITED STATES DISTRICT JUDGE**

---

[3] Attorney Roose reported $200.00/hour; Attorney Ressler reported $175.00/hour; Attorney Meadows reported $250.00/hour. Id; Pl.'s Reply to Opp'n to EAJA Application at 2.
[4] Attorney Roose at $400.00 x 14 hours = $5,600.00; Attorney Ressler at $350.00 x .8 hours = $280.00; Attorney Meadows at $500.00 x 10.2 hours = $5,100.00.